IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **ANTHONY R. TREJO**, also known as **ANTHONY ROBERT TREJO, RED ROOSTER, TOP DAWG,** and **TOPP DAWGG'E\***, TDCJ-CID No. 832287, § § § § § § § Plaintiff, § § v. § § **JANSSEN PHARMACEUTICAL PRODUCTS LP**, *et al.*, § § § Defendants. § | Civil Action No. 2:16-cv-00204-D-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Complaint (ECF No. 3), filed by Anthony R. Trejo on September 21, 2016. United States District Judge Sidney A. Fitzwater reassigned this case to the undersigned for pretrial management on May 16, 2018. ECF No. 8. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge Fitzwater **DISMISS** this action **with prejudice** pursuant to 28 U.S.C. § 1915A.

**BACKGROUND**

Anthony R. Trejo ("Trejo") filed his Complaint on the Court's prisoner's civil rights form on September 21, 2016. ECF No. 3. Trejo is an inmate incarcerated in the Bill Clements Unit of the Texas Department of Criminal Justice—Correctional Institutions Division. *Id.* at 1. He sues the following for violations of his civil rights under 42 U.S.C. § 1983: Janssen Pharmaceutical Products, the Texas Department of Health and Human Services, Dr. Dana Butler, an LVN named Ms. Miller or Jane Doe, the Texas Department of Criminal Justice, Jose A. Lira, a John Doe or

Jane Doe pharmacist, Jeff L. Pierce, and Sergeant Krista M. Tomlinson Vasquez. He alleges that these Defendants were deliberately indifferent to his medical needs either by (1) prescribing and giving him Risperdal or Risperidone, which was dangerous to his health and caused him sexual impotence or priapism, or (2) other negligence and malice in not providing him with medical treatment. *Id.* He states that these acts occurred in 2009 and on April 19, 2012. *Id.* at 8–10.

## LEGAL STANDARD AND ANALYSIS

A civil rights action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity is subject to screening. 28 U.S.C. § 1915A(a). The court shall dismiss such a prisoner complaint if it determines that the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of such complaints from plaintiffs proceeding *in forma pauperis*). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Title 42 U.S.C. § 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." There is no specific statute of limitations for § 1983 claims, and as a result the Supreme Court has instructed courts to look to the most analogous state statute of limitations. *Owens v. Okure*, 488 U.S. 235, 239–40 (1989). In Texas, this is the statutory two-year personal-injury limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)); *see also* Tex. Civ. Prac. & Rem. Code § 16.003. The limitations period begins to run

when the cause of action accrues, which is when the plaintiff knows or has sufficient information to know that he has suffered an injury. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002).

Trejo filed his Complaint on September 21, 2016. ECF No. 3. Therefore some act or omission of the Defendants must have occurred on or after September 21, 2014, for Trejo's § 1983 claim not to be barred by limitations. However, Trejo explicitly pleads that the acts or occurrences giving rise to his claims occurred either in 2009 or on April 19, 2012, well outside of the limitations period. *Id.* at 8–10. Therefore his claims should be summarily dismissed as frivolous because they are barred by the statute of limitations. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Thus, where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d).").

A court may equitably toll the applicable limitations period for claims under 42 U.S.C. § 1983. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id*. According to Supreme Court case law, "when state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *F.D.I.C. v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted).

Trejo makes no argument that the Court should apply equitable tolling to his case. Trejo attaches a number of grievances to show that he has exhausted his administrative remedies. "[I]f exhaustion of those remedies is required under 42 U.S.C. § 1997e(a), the undersigned recognizes that generally '[t]he statute of limitations is tolled while a prisoner fulfills [Section] 1997e's administrative exhaustion requirement.'" *Pequeno-Garcia v. Zarate*, No. 3:17-CV-867-L-BN,

2017 WL 2470996, at *3 (N.D. Tex. May 4, 2017), *report and recommendation adopted*, No. 3:17-CV-867-L, 2017 WL 2463324 (N.D. Tex. June 7, 2017) (citing *Starks v. Hollier*, 295 Fed. App'x 664, 665 (5th Cir. 2008)). A prisoner "should not be allowed to revive [a] clearly time-barred action by pursuing administrative remedies at [a] late date." *Id.* The pursuit of administrative exhaustion does not mean that the statute of limitations should be tolled indefinitely, as otherwise an inmate could eternally delay the filing of his lawsuit. *Id.*

Trejo's most recent grievances were filed on February 11 and 18, 2014. ECF No. 3 at 13, 17–18. In both cases, prison officials denied the grievances and returned them to him the same day he filed them. *Id.* In addition, the prison administration rejected the February 11, 2014, grievance as being outside of the grievable period. ECF No. 3 at 17–18. Even if the Court were to toll Trejo's claims until the denial of his last grievance, on February 18, 2014, Trejo nevertheless untimely filed his Complaint on September 21, 2016, more than two years after his last grievance. *See Anderson v. Livingston*, 394 Fed. App'x 132, 133 (5th Cir. 2010) (denying a § 1983 claim as time-barred where a Texas prisoner filed his complaint more than two years after prison officials decided his grievance). Equitable tolling, even if warranted, would not save his complaint from being barred by the statute of limitations.

Trejo filed his Complaint over two years after the occurrences giving rise to his complaint. He has provided no basis for equitable tolling in Texas or federal law. Therefore the undersigned recommends dismissal of his Complaint as frivolous under 28 U.S.C. § 1915A because it is barred by the statute of limitations.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge Fitzwater **DISMISS** this action **with prejudice** pursuant to 28 U.S.C. § 1915A.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 20, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE